**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TRAVYS DAVY,

     Plaintiff,

  v.

DAYRISE RESIDENTIAL, LLC;
IC CITYMARK EVERGREEN
TERRACE, LLC; JOHN or JANE
DOE I PROPERTY MANAGER,

     Defendant.

Civil Action File No: 22-cv-00216-JPB

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

COME NOW Plaintiff and Defendants in the above-styled civil action and
files this Joint Preliminary Report and Discovery Plan, showing the Court as
follows:

1.    Description of Case:

    (a)    Describe briefly the nature of this action:

**This is a premises liability/negligent security case that involves**

**Plaintiff's claims for personal injury damages following an incident on the**

**night and/or early morning hours of February 27-28, 2020 at Evergreen**

**Terrace Apartments located at 8064 South Fulton Parkway, Fairburn,**

**Georgia 30213 in which Plaintiff was assaulted and shot.  Defendants deny**

**that they are liable for the third-party criminal attack on the Plaintiff.**

**Proximate cause and damages are also in dispute.**

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence:

**Plaintiff was visiting a friend who resided at the property at the time of the incident and was shot in the parking lot area of the apartment complex. Plaintiff alleges he was shot three times in the parking lot area of the apartment complex and sustained serious physical injuries requiring hospitalization for two weeks and numerous surgeries and medical interventions as well as psychological injuries.**

(c)   The legal issues to be tried are as follows:

**1. Liability;**

**2. Proximate Cause; and**

**3. Damages**

(d)   The cases listed below (include both style and action number) are:

(1)   Pending Related Cases: **None**

(2)   Previously Adjudicated Related Cases: **None.**

2.    This case is complex because it possesses one (1) or more of the feature listed

below (please check):

        ☐   (1)   Unusually large number of parties

        ☐   (2)   Unusually large number of claims or defenses

        ☒   (3)   Factual issues are exceptionally complex

        ☒   (4)   Greater than normal volume of evidence

        ☒   (5)   Extended discovery period is needed

        ☒   (6)   Problems locating or preserving evidence

        ☐   (7)   Pending parallel investigations or action by government

        ☒   (8)   Multiple use of experts

        ☐   (9)   Need for discovery outside United States boundaries

        ☐   (10)  Existence of highly technical issues and proof

        ☐   (11)  Unusually complex discovery of electronically stored information

3.    Counsel:

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

Plaintiff:    **James P. Myers**
**Charles L. Clay, Jr.**
**Pratt Clay, LLC**
**4401 Northside Parkway, Suite 390**
**Atlanta, Georgia 30327**
**Telephone: 404-949-8118**
**E-mail: jmyers@prattclay.com**

**E-mail: chuck@prattclay.com**

Defendant: **Barbara A. Marschalk**
**Drew Eckl & Farnham, LLP**
**303 Peachtree St. NE, Suite 3500**
**Atlanta, Georgia 30308**
**Telephone: 404-885-1400**
**Facsimile: 404-876-0992**
**E-mail: marschalkb@deflaw.com**

4.    Jurisdiction:

Is there any question regarding this court's jurisdiction?

☐ Yes        ☒ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the

jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be

supported by authority.

5.    Parties to This Action:

(a)    The following persons are necessary parties who have not been

joined:

**None known at this time.**

(b)    The following persons are improperly joined as parties:

**None.**

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.     Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instruction: regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None known at this time.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    Filing Times For Motions:

All motions should be filed as soon as possible.  The local rules set specific

filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the

beginning of discovery, unless the filing party has obtained prior permission of the

court to file later. Local Rule 7.1 A(2).

> (a)    *Motions to Compel*:  before the close of discovery or within the
>
> extension period allowed in some instances. Local Rule 37.1.
>
> (b)    *Summary Judgment Motions*: within thirty (30) days after the close of
>
> discovery, unless otherwise permitted by court order. Local Rule 56.1.
>
> (c)    *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E,
>
> respectively, regarding filing limitations for motions pending on
>
> removal, emergency motions, and motions for reconsideration.
>
> (d)    *Motions Objecting to Expert Testimony*: *Daubert* motions with regard
>
> to expert testimony no later than the date that the proposed pretrial
>
> order is submitted. Refer to Local Rule 7.2F.

8.    Initial Disclosures:

The parties are required to serve initial disclosures in accordance with

Fed.R.Civ.P.26.  If any party objects that initial disclosures are not appropriate,

state the party and basis for the party's objection.  NOTE: Your initial disclosures

should include electronically stored information.  Refer to Fed. R. Civ. P.

26(a)(1)(B)

**The parties do not contend that initial disclosure are inappropriate.**

9.    Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please

state the issues which could be addressed and the position of each party.

**None requested at this time.**

10.    Discovery Period:

The discovery period commences thirty (30) days after the appearance of the

first defendant by answer to the complaint.  As stated in LR 26.2A, responses to

initiated discovery must be completed before expiration of the assigned discover

period.

Cases in this court are assigned to one of the following three (3) discover

tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period

and (c) eight (8)-months discovery period.  A chart showing the assignment of case

to a discovery track by filing category is contained in Appendix F.  The track to

which a particular case is assigned is also stamped on the complaint and service

copies of the complaint at the time of filing.

**At this time, the parties stipulate and agree that the initial 8-month discovery period expires on October 25, 2022.**

Please state below the subjects on which discovery may be needed:

**Liability, proximate cause, and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues please state those reasons in detail below:

**The parties do not believe additional discovery will be necessary at this time.  The parties will notify the Court if circumstances arise that indicate that additional time will be needed.**

11.    Discovery Limitation and Discovery of Electronically Stored Information:

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b)    Is any party seeking discovery of electronically stored information?

☐ Yes        ☒ No

**At this time, the parties to not believe this case will involve ESI.  Should this change, the parties will work together to accomplish this discovery and will inform the Court if assistance is needed**.

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26( c) or under Rule 16(b) and (c)?

**None at this time.**

13.    Settlement Potential:

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **February 11, 2022**, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

Lead counsel (signature):         ***James P. Myers***

Other participants:                   **None.**

**For Defendant:**

Lead counsel (signature):         ***Barbara A. Marschalk***

Other participants:                   ***Honey L. Shaw***

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

☐  A possibility of settlement before discovery.

☒  A possibility of settlement after discovery.

☐  A possibility of settlement, but a conference with the judge is needed

☐  No possibility of settlement.

(c)    Counsel ☒ do or ☐ do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date

of the next settlement conference is *on or about* **April 29, 2022, or after**

**completion of discovery regarding damages.**

(d)    The following specific problems have created a hindrance to

settlement of this case.

**Additional information regarding liability, proximate cause, and**

**damages is needed.**

14.    Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is

otherwise entitled to a jury trial.

(a)    The parties ☐ do consent to having this case tried before a magistrate

judge of this court. A completed Consent to Jurisdiction by a United States

Magistrate Judge form has been submitted to the clerk of court this _____ day of

_____, 20___.

(b) The parties ☒  do not consent to having this case tried before a

magistrate judge of this court.

Respectfully submitted this 18th day of February, 2022.

PRATT CLAY, LLC

s/ *James P. Myers*
James P. Myers
*Georgia Bar No. 440772*
Charles L. Clay, Jr.
*Georgia Bar No. 129505*

4401 Northside Parkway, Suite 390
Atlanta, Georgia 30327
Telephone: 404-949-8118
E-mail: jmyers@prattclay.com
Email: chuck@prattclay.com
*Attorneys for Plaintiff*

DREW, ECKL & FARNHAM, LLP

s/ *Barbara A. Marschalk*
Barbara A. Marschalk
*Georgia Bar No. 324498*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-1400
Facsimile: 404-876-0992
E-mail: marschalkb@deflaw.com
*Attorney for Defendants*

## CERTIFICATE OF FONT COMPLIANCE

Counsel hereby certify that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1, Times New Roman (14 point), and that the document does not contain more than 10 characters per inch of type.

This 18th day of February, 2022.

PRATT CLAY, LLC

s/ James P. Myers
James P. Myers
**Georgia Bar No. 440772**
Charles L. Clay, Jr.
**Georgia Bar No. 129505**

4401 Northside Parkway, Suite 390
Atlanta, Georgia 30327
Telephone: 404-949-8118
E-mail: jmyers@prattclay.com
Email: chuck@prattclay.com
**Attorneys for Plaintiff**

DREW, ECKL & FARNHAM, LLP

s/ Barbara A. Marschalk
Barbara A. Marschalk
**Georgia Bar No. 324498**

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: 404-885-1400
Facsimile: 404-876-0992
E-mail: marschalkb@deflaw.com
**Attorney for Defendants**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

TRAVYS DAVY,

    Plaintiff,

  v.

DAYRISE RESIDENTIAL, LLC;
IC CITYMARK EVERGREEN
TERRACE, LLC; JOHN or JANE
DOE I PROPERTY MANAGER,

    Defendant.

Civil Action File No: 22-cv-00216-JPB

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report

and Discovery Plan form completed and filed by the parties, the court orders that

the time limits for adding parties, amending the pleadings, filing motions,

completing discovery, and discussing settlement are as set out in the Federal Rules

of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of_____, 2022.

 

_____
J. P. Boulee
UNITED STATES DISTRICT JUDGE