**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TRAVYS DAVY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| DAYRISE RESIDENTIAL, LLC; | ) | 1:22-cv-00216-JPB |
| IC CITYMARK EVERGREEN | ) | |
| TERRACE LLC; JOHN or JANE | ) | |
| DOE I PROPERTY MANAGER, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

1.     State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

**RESPONSE: This is a premises liability/negligent security case that involves Plaintiff's claims for personal injury damages following an incident on the night and/or early morning hours of February 27-28, 2020, at Evergreen Terrace Apartments located at 8064 South Fulton Parkway, Fairburn, Georgia, 30213, in which Plaintiff was assaulted and shot.  Defendants are liable because they failed to provide adequate security measures at the apartment complex the owned and managed, including but not limited to failing to provide effective**

access-control systems, security cameras, lighting, tenant screening, on-site security personnel, and failing to take appropriate measures to respond to prior complaints of criminal activity on the subject property.  Defendants were negligent in failing to keep their premises and approaches safe, failing to warn of the unsafe condition of the property created by crime on the property, in failing to properly train and supervise their employees, and in failing to keep their property in repair.  Plaintiff is entitled to recover for the injuries, pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, and other damages permitted. Plaintiff states his intention to seek all compensatory, general, special, incidental, consequential, and other damages permissible under Georgia law, including, but not limited to: personal injuries; past, present and future pain and suffering; past, present and future medical expenses, exceeding $175,000.00; disability; mental anguish; loss of the capacity for the enjoyment of life; incidental expenses; permanent injuries; and consequential damages to be proven at trial. Plaintiff is also entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and their agents and employees showed an entire want of care, raising the presumption of conscious indifference to consequences.  Plaintiff is entitled to attorney's fees and the expenses of

litigation because Defendants' actions evidence a specious of bad faith, were and are stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense under O.C.G.A. § 13-6-11.

2.      Describe in detail all statues, codes, regulations, legal principles, standards and customs or usages, and illustrative case la w which plaintiff contends are applicable to this action.

**RESPONSE: O.C.G.A. § 51-3-1: Failure to use ordinary care to keep the premises safe; O.C.G.A. §§ 44-7-13 and 14: Failure to keep the subject premises in repair, O.C.G.A. § 13-6-11: litigation expenses and fees; O.C.G.A. §§ 51-1-2, 51-1-6, 51-2-2, 51-2-5, 51-12-2, 51-12-3, 51-12-5.1, 51-12-7; O.C.G.A. § 51-12-5.1: punitive damages. Discovery is ongoing, and Plaintiff will supplement as necessary and appropriate.**

3.      Provide the name and, if know, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initials Disclosures as Attachment A)

**RESPONSE: See Attachment A**

4.      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

satisfying the provisions of that rule. (Attached expert witness and written reports to Responses to Initial Disclosures as Attachment B)

**RESPONSE: See Attachment B.**

5.      Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use in support of your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to the Initial Disclosures as Attachment C.)

**RESPONSE: See Attachment C.**

6.      Provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such document or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D).

**RESPONSE: See Attachment D.**

7.     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgement. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

**RESPONSE: This information, if it exists, is within the custody and control of Defendants Dayrise Residential, LLC and/or IC Citymark Evergreen Terrace, LLC.**

8.     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in the plaintiff's cause of action and state the basis and extent of such interest.

**RESPONSE: Plaintiff is not aware of any such persons at this time. Plaintiff is investigating whether any people or legal entities have subrogation interests. Various medical providers identified in Exhibit D may assert subrogation interests.**

Respectfully submitted this 25th day of February 2022.

**PRATT CLAY, LLC**

*/s/ James P. Myers*
JAMES P. MYERS
Georgia Bar No. 440772
CHARLES L. CLAY. JR
Georgia Bar No. 129505

4041 Northside Parkway - Suite 390
Atlanta, Georgia 30327
(404) 949-8118
jmyers@prattclay.com
*Attorneys for Plaintiff*
*Travys Davy*

## **Attachment A - Witness List**

Plaintiff Travys Khalid Davy, c/o: Pratt Clay, LLC.  Mr. Davy has information about liability and damages.

Various Medical Providers at Atlanta Medical Center involved in the ER visit of February 28, 2020, and the hospitalization of February 28, 2020, to March 10, 2020.  These records have been disclosed to Defendants.  Plaintiff anticipates that the primary Medical Providers to address causation and damages would be Anna Kirsch, M.D. (emergency medicine), David Carney, M.D. (trauma surgeon), and Katherine Kohler, M.D. (trauma surgeon). These medical provers have information regarding causation and damages.  Plaintiff anticipates identifying additional treating physicians who were involved in his care.  Discovery is ongoing, and Plaintiff will supplement as necessary and appropriate.

South Fulton Police Officers E. Allen (SFPD133) and J. King (SFPD116) were the primary officers involved in the initial incident/investigation of the subject incident as indicated by the South Fulton Police Department Incident/Investigation Report for this incident.  E. Allen responded to 6015 Lynmark Way (Shell Gas Station) in reference to a call that Plaintiff was present there and had been injured. Presumably, these officers can be contacted through the South Fulton Police Department at 5539 Old National Hwy, College Park, GA 30349, (470) 809-7300.

South Fulton Police Officers J. Wyche (SFPD21), L. Carter (SFPD56), H. Downer (SFPD147), L Harden (SFPD180), J. Rogers (SFPD70), and S. Graham (SFPD91), were the assisting officers involved in the initial incident/investigation of the subject incident as indicated by the South Fulton Police Department Incident/Investigation Report for this incident. Presumably, these officers can be contacted through the South Fulton Police Department at 5539 Old National Hwy, College Park, GA 30349, (470) 809-7300.

Shaniece Ross, resident of Evergreen Terrace Apartments at the time that Plaintiff was attacked and shot, last known address 8064 South Fulton Pkwy, Apt. 2101, Fairburn, GA 30213, 404-217-3906. Resided at Evergreen Terrace and was with Travys Davy in her apartment at Evergreen Terrace immediately before the attack.

Ifeanyighichukwu Ugbo, Jr. was identified on the South Fulton Police Department Incident/Investigation Report for this incident as a witness. It is anticipated that Mr./Mrs. Ugbo will testify as to Plaintiff's condition at the convenience store/gas station where 911 was called following the shooting incident. Last known address 109 Montrose Pkwy., Peachtree Corners, GA 30092.

Employees of Defendants Dayrise Residential and IC Citymark. These witnesses, including but not limited to, property managers, assistant property managers, leasing office personnel, maintenance personnel, regional manager(s),

corporate officers, and security personnel are expected to have knowledge of the condition of the property, crimes on the property, the incident in question, liability, and damages.  The identity and contact information for these individuals is within the custody and control of Defendants.

**Attachment B**

Discovery is just beginning, and Plaintiff has not retained an expert for trial. However, Plaintiff may call at trial his treating physicians and qualify them as experts in their respective fields. Plaintiff will produce all medical records in her possession, custody, and control, and incorporates those records herein by reference. Plaintiffs' treating physicians include Anna Kirsch, M.D. (emergency medicine), David Carney, M.D. (trauma surgeon), and Katherine Kohler, M.D. (trauma surgeon) and other medical providers at Atlanta Medical Center involved in the ER visit of February 28, 2020, and the hospitalization of February 28, 2020, to March 10, 2020. The subject matter of these medical professionals' testimony will likely be Plaintiff's medical diagnoses, present condition, prognosis, medical treatment, billing, and causation of Plaintiff's injuries. It is anticipated that these experts' opinions will be that Plaintiff suffered trauma, pneumothorax, fractured ribs, a gastric artery injury, injuries to his abdomen, hemoperitoneum, kidney laceration, pancreas laceration, liver laceration, open fracture of his ulna, and other injuries as a result of being shot at least four times and that Plaintiff has been recommended and/or received various treatment for these injuries including surgeries, intubation, a two week hospitalization, outpatient care, and prescription medication, and that these treatments were reasonable and necessary. Plaintiff incorporates his medical

records, which provides more detail on the subject matter and opinions of these experts.

The foregoing summary is not designed to be exhaustive and is merely meant to summarize the anticipated testimony based on available medical records. These experts' testimonies will be based on their education, training, experience, and treatment of Plaintiff. Plaintiff is still treating for the injuries at issue and will supplement as necessary and appropriate.

Plaintiff may call additional expert witnesses in security and apartment management practices regarding liability.  Discovery is ongoing, and Plaintiff will supplement as necessary and appropriate.

## **Attachment C**

- South Fulton Police Department Incident/Investigation Report for this

  incident

- Plaintiff's Medical Records and Bills

- 911 Communications Log.

Discovery is ongoing, and Plaintiff will supplement as necessary and appropriate.

## **Attachment D**

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and other damages permitted. Plaintiff states his intention to seek all compensatory, general, special, incidental, consequential, punitive and other damages permissible under Georgia law, including, but not limited to: personal injuries; past, present and future pain and suffering; past, present and future medical expenses, exceeding $175,000.00; disability; mental anguish; loss of the capacity for the enjoyment of life; incidental expenses; permanent injuries; and consequential damages to be proven at trial.

Plaintiff's past medical expenses include:

WellStar Atlanta Medical Center $178,485.89

Discovery is just beginning, and Plaintiff will supplement as necessary and appropriate.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a true and correct copy of the foregoing pleading upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically deliver electronic notification of same to the following counsel of record:

**Barbara A. Marschalk**
DREW, ECKL & FARNHAM, LLP
303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: marschalkb@deflaw.com

Attorney for Defendants

**PRATT CLAY, LLC**

*/s/ James P. Myers*
JAMES P. MYERS
Georgia Bar No. 440772
CHARLES L. CLAY. JR
Georgia Bar No. 129505
4041 Northside Parkway - Suite 390
Atlanta, Georgia 30327
(404) 949-8118
jmyers@prattclay.com
*Attorneys for Plaintiff*
*Travys Davy*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TRAVYS DAVY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| DAYRISE RESIDENTIAL, LLC; | ) | 1:22-cv-00216-JPB |
| IC CITYMARK EVERGREEN | ) | |
| TERRACE LLC; JOHN or JANE | ) | |
| DOE I PROPERTY MANAGER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>RULE 5.4(A) DISCOVERY CERTIFICATE</u>

Pursuant to Local Rule 5.4(A) of the United States District Court, Northern District of Georgia, the undersigned counsel certifies that he has served copies of PLAINTIFF'S INITIAL DISCLOSURES on counsel by First Class U.S. Mail on February 25, 2022, and has electronically filed this Local Rule 5.4(A) DISCOVERY CERTIFICATE with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

**Barbara A. Marschalk**
DREW, ECKL & FARNHAM, LLP
303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: marschalkb@deflaw.com

Attorney for Defendants

Respectfully submitted, this 25th day of February, 2022.

**PRATT CLAY, LLC**

*/s/ James P. Myers*
JAMES P. MYERS
Georgia Bar No. 440772
CHARLES L. CLAY. JR
Georgia Bar No. 129505
4041 Northside Parkway - Suite 390
Atlanta, Georgia 30327
(404) 949-8118
jmyers@prattclay.com

*Attorneys for Plaintiff Travys Davy*